IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO MARTINEZ,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>WAWONA FROZEN FOODS, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. **CV-F-03-6478 LJO**<br><br>**ORDER ON PLAINTIFF'S MOTIONS FOR RELIEF FROM JUDGMENT** (Doc. 50, 51, 56, 49/53) |

　　　　Plaintiff Alvaro Martinez moves for multiple relief following this Court's grant of summary judgment and entry of judgment on March 16, 2005:

　　　　(1)　Plaintiff's motion for new trial and reconsideration of summary judgment motion (Doc. 50);

　　　　(2)　Motion to Amend/Correct Judgment, Rule 59(a) (Doc. 51);

　　　　(3)　Motion to compel depositions of Robert and William Smittcamp, extend time to decide new trial motion, motion to perpetuate testimony, Rule 59 and Rule 6. (Doc.56);

　　　　(4)　Objection to Defendant's Bill of Costs (Doc. 49/53).

Defendant Jefferson Smurfit Corporation filed oppositions to the motions and filed a response to the objection to defendant's Bill of Costs. The matter came on regularly for hearing on May 20, 2005 in Department 6 of the above-entitled court. Plaintiff Alvaro Martinez appeared by counsel Timothy Magill. Defendant Jefferson Smurfit Corporation appeared by counsel Lowell Carruth. Having

considered the moving and opposition papers, the oral argument of counsel at the time of hearing, as well as the Court's file, the Court issues the following order.

## FACTUAL AND PROCEDURAL BACKGROUND

**A. Overview**

Plaintiff was working at Wawona Frozen Foods, at its Cedar Avenue plant, on October 5, 2001.[1] While operating the machine in vacuuming and sealing fruit, Plaintiff's hands were vacuumed sealed within the bag while the machine was being tested by another employee of Wawona Frozen Foods. The maintenance employee caused the machine's pressurized heat-sealing bars to come together, which thereby burned both of Plaintiff's hands and caused injury to Plaintiff.

Jefferson Smurfit Corporation ("Smurfit"), formerly known as Container Corporation of America ("CCA"), is in the business of manufacturing paperboard and paper base packaging. During the 1970s, Smurfit manufactured machines for air evacuation and sealing food products under the trade name "Snorcca." Smurfit did not sell any other types of air evacuation and sealing machines.

On October 22, 2003, the action was removed to this Court based on diversity jurisdiction. Plaintiff alleged that Smurfit defectively designed the machine that injured him. Defendant contended it did not manufacture the particular machine used by plaintiff.

On March 22, 2004, this Court conducted a scheduling conference. The Scheduling Conference order issued on April 7, 2004 set March 18, 2005 as the non-expert discovery cut-off date, expert discovery deadline as May 2, 2005 and the trial for September 7, 2005.

**B. This Court's Order on Summary Judgment**

On September 30, 2004, Smurfit moved for summary judgment on the grounds that it did not manufacture, design, install, sell or repair the machine which injured plaintiff. This Court granted two continuances to permit plaintiff to conduct additional discovery. By stipulation and order on November 19, 2004, the hearing on the motion was continued to February 4, 2005. The basis for the stipulation was to allow plaintiff to take specific depositions (David Emersian, Ted Fischer, and Robert Olson). On January 28, 2005, plaintiff moved for another continuance of the motion. On January 31, 2005, the

---

[1] Wawona had been dismissed out of this action before the case was removed to this Court.

Court granted the continuance to March 11, 2005 also to permit plaintiff to conduct additional discovery.[2] Plaintiff filed a supplemental opposition (doc. 21) and defendant filed a reply. On March 11, 2005, the Court conducted a hearing on the motion.

In the opposition to defendant's motion, plaintiff relied upon two main pieces of evidence: the deposition testimony of Robert Maskell, and two declarations of expert James Flynn. (Doc. 42, Order, p.4:13-14.) The Court rejected the evidence of Robert Maskell as raising an issue of fact:

> "The testimony of Mr. Maskell does not identify the injury producing machine as a Snorcca, although it is 'similar,' and at best, substantially similar. This testimony, at most, offers one possibility. However, the evidence must establish an inference of probability and not merely possibility. It would be speculative for the jury to determine that the machine was manufactured by defendant merely because they are 'similar.' 'A mere possibility of such causation is not enough; and when the matter remains one of pure speculation and conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.' *Ricci v. Alternative Energy Inc.*, 211 F.3d 157, 162 (1st 2000). The Court finds that Mr. Maskell's evidence does not raise an issue of fact."

(Doc. 42, Order, p.7:18-26.)

The Court also rejected the two declarations of expert James Flynn as raising an issue of fact:

> "Flynn's declarations, however, are insufficient to establish a triable issue of fact. He states the methodology for his conclusion - his physical inspection of the injury producing machine and the 'Snorcca' labeled machine in the Clovis plant. But he fails to state the factual basis upon which he draws his conclusion – i.e., why are they substantially similar. *Maffei v. Northern Ins. Co. of New York,* 12 F.3d 892, 898-899 (9th Cir. 1993) (conclusory expert declaration, which merely stated the expert's experience and "it is my opinion that . . .", was properly excluded). Since the declarations fail to state the factual basis for the opinion, they do not raise an issue of fact." (Doc. 42, Order, p. 9:10-16.)

The Court, thus, granted summary judgment in favor of defendant. Judgment was entered on March 16, 2005. (Doc. 43.)

### *Motions 1, 2, and 3*: ANALYSIS & DISCUSSION

Plaintiff moves for a new trial or for reconsideration of the motion for summary judgment and/or to correct/amend the judgment on the following grounds:

---

[2] In granting plaintiff's request for a continuance, the Court also ordered sanctions: "Sanctions are based on plaintiff's failure to timely file his opposition and his request for continuance, and the resulting waste of counsel's and the Court's time in addressing the belated request." (Doc. 36.)

3

1. That the Court's judgment is against the clear weight of the evidence.

2. The Court erroneously struck the opinion of James Flynn in this case.

3. The substantially similar opinions of Maskell and Flynn should be sufficient in this case to allow the matter to go to a jury, since that standard is just the same as it would be in a patent infringement or copyright infringement case.

4. The Court should reverse its Order granting the Motion for Summary Judgment, order that additional discovery be allowed to be taken by plaintiff and have a new hearing and at that new hearing deny the Motion for Summary Judgment.

Plaintiff asks the Court to be allowed to take the deposition of Robert Smittcamp and William Smittcamp prior to the Court determining the motions for new trial and reconsideration. Plaintiff also asks for the opportunity for an on-site inspection at the Dole Atwater, California plant where, purportedly, a similar machine is located.

**A.    Standards for Rule 59 and 60 Grounds for Relief**

A motion for reconsideration of a ruling which has resulted in final judgment or order may be construed either as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), or as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). *See School Dist. No. 1J Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994).

Rule 59(e) reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d at 1263; *See Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999) (A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000); *See 389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999) (citing *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993). A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996). There may be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263. Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new or different

4

facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what grounds exist for the motion."

Under Rule 60(b), "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Rule 60(b).

"The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late[-]filed documents into 'newly discovered evidence.' " *School Dist. No. 1J*, 5 F.3d at 1263 (citing cases). *Engleson v. Burlington Northern R.R. Co.,* 972 F.2d 1038, 1044 (9th Cir.1992) ("[C]ounsel's ignorance of the statute that governs labor law disputes between a railway worker and his or her employer does not constitute excusable neglect.").

Here, plaintiff states various grounds for the motions, but no argument substantiating the grounds is provided. Plaintiff states that "he incorporates his entitled 'Memorandum of Points and Authorities in Support of Motion for New Trial and Reconsideration' at pages 1 through 14 as though fully set forth herein." Plaintiff, however, did not file any other Points and Authorities and the motion for new trial/reconsideration and the motion to correct/amend judgment are the same. The moving papers for the third motion, motion to compel, address the deposition of the Smittcamps.

**B.    Discovery after judgment**

Plaintiff argues that the "depositions of both William and Robert Smittcamp will aid in the obtaining of material issues and material facts that are highly relevant and pertinent to the pending Motions for New Trial as to the Motion for Summary Judgment that this Court granted." (Doc. 54, Points and Authorities, p.2:8-11.) Plaintiff asks that the Court not rule upon his Rule 59 and Rule 60 motions until he has had the opportunity to take these depositions and conduct the site inspection.

Plaintiff argues that taking the depositions is analogous to perpetuating testimony.

A court order is required to take a deposition after judgment and while the case is on appeal. Fed.R.Civ.P.27(b).

> "If an appeal has been taken from a judgment of a district court or before the taking of an appeal if the time therefor has not expired, the district court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the district court."

Rule 27(b) requires that the motion to perpetuate testimony should show (1) the names and addresses of persons to be examined and the substance of the testimony which the party expects to elicit from each; (2) the reasons for perpetuating their testimony.

Plaintiff does not explain the reasons for perpetuating the testimony of William or Robert Smittcamp. He merely states that the testimony is "highly relevant and pertinent." While the Court can surmise it is on the issue of the identity of the machine that injured plaintiff, plaintiff does not make any offer of proof that either William or Robert Smittcamp possesses the knowledge imputed to them. Thus, the Court is speculating that either of them knows anything about the machine that injured plaintiff.[3]

Plaintiff submitted a deposition transcript of Earl Smittcamp taken on March 16, 2005. (Exh. 1 to Doc. 50, Plaintiff Second Amended Separate Statement.) Mr. Smittcamp states that he thinks his son Robert was the person who knew about the equipment "back in the 1970s" and that his other son William took over running Wawona Foods. This is the best evidence of anything relevant either William or Robert could testify to to support identifying the machine. This is still quite speculative.

In addition, plaintiff fails to make any showing that the deposition testimony of Robert or William Smittcamp would be lost if plaintiff were not permitted to depose William or Robert Smittcamp pending appeal. Such a showing is generally a prerequisite for the granting of a motion allowing a deposition to perpetuate testimony under Fed.R.Civ.P. 27(b). *See Ash v. Cort,* 512 F.2d 909 (3d Cir.1975), cited with approval by, *State of Nev. v. O'Leary*, 63 F.3d 932, 936 (9th Cir. 1995). The party making the motion must show that there is a danger that the testimony will be lost by delay. *Arizona v. California*, 292 U.S. 341, 347-48 (1934).

---

[3] At oral argument, plaintiff indicated a declaration of William Smittcamp had been filed the day previously. This evidence is addressed, *infra*.

For these reasons, the Court finds that plaintiff has not established the need to perpetuate the testimony.

**C.     The Discovery is Not Newly Discovered Evidence**

The Rule 59 and 60 motions should be denied on the grounds that the proposed discovery is not newly discovered evidence, in any event.

In *School District. No. 1J*, the school district brought action against manufacturers, among others, for the cost of removing asbestos products installed in the District's schools. A few of the manufacturers moved for summary judgment on the basis that they did not manufacture the asbestos products installed in the schools. The School District opposed the motions with a declaration of its attorney wherein he referred to the School District's contracts which called for the installation of the manufacturers' asbestos product. *Id.* At 1260. The declaration did not attach the contracts referred to and the trial court excluded the declaration under Rule 56(e). Without the declaration, and its attachments, the trial court found that the School District failed to raise a disputed issue of material fact and granted summary judgment. *Id.* at 1261.

The School District then moved for reconsideration and attached 21,000 pages of contract documents. The trial court denied the motion for reconsideration. On appeal, the Ninth Circuit upheld the trial court, stating that "[t]he overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *Id.* at 1263, citing various cases.

Here, the opportunity to depose these individuals has long been present. It appears that the identity of the individuals was either in the possession of or available to plaintiff long before the summary judgment motion was heard. Wawona Foods was a defendant in this case. Wawona Foods was plaintiff's employer. The Smittcamps are principals in Wawona Foods. Plaintiff argues that Robert Smittcamp and Bill Smittcamp are persons most knowledgeable about the Snorcca machine at the Wawona plants. (Plaintiff Memo of P&As, p.2:20-23.) The identity of the Smittcamps has been known from essentially the beginning of the case. There is no argument or evidence that plaintiff was unaware of the individuals or that their identity was somehow concealed from plaintiff.

/////

At oral argument, plaintiff explained the efforts undertaken to depose the Smittcamps, and in the alternative, the requests to obtain information from them in an informal fashion.[4] In fact, at oral argument, counsel indicated he had filed, the day previously (the day he received it), a declaration from William Smittcamp. There is no argument how or why this information was unavailable to plaintiff long before the summary judgment hearing.

If the evidence was available at the time of the summary judgment, plaintiff must show that he made a diligent yet unsuccessful effort to discover it. *Committee for First Amendment v. Campbell*, 962 F2d 1517, 1523 (10th Cir. 1992). Here, plaintiff has not shown why the depositions were not taken sooner, or what efforts precluded the depositions. The Scheduling Conference took place on April 7, 2004. After the summary judgment motion was filed, plaintiff was granted two continuances to conduct discovery to address the issues raised by defendant's motion. The summary judgment motion was originally filed on September 30, 2004 and the hearing was on March 11, 2005. Plaintiff was given ample opportunity to pursue the necessary discovery to address the motion.

As to the depositions of the Smittcamps, Plaintiff had subpoenas issued on March 16, 2005 which were served shortly thereafter for deposition in late March 2005. There is no evidence of plaintiff's diligence prior to March 16, 2005 in pursuing this evidence.

At oral argument, plaintiff argued that he had been denied discovery from defendant. Plaintiff argued that defendant objected to interrogatories propounded in excess of 25 and that defendant objected to production of documents. Plaintiff stated that defendant refused to produce documents. Plaintiff acknowledged, however, that he did not seek relief from the Court to either expand the number of interrogatories, pursuant to Rule 26(b)(2), or to compel production of documents pursuant to Rules 34 and 37. Thus, plaintiff's strategic decision not to employ the Federal rules available for discovery relief does not turn late discovered information into "newly discovered" information.

/////

---

[4] Plaintiff submits evidence that the notice of deposition for Bill Smittcamp was served on the parties on or about March 16, 2005 by mail and fax. The subpoena was served on Bill Smittcamp by the process server on March 18, 2005. The subpoena re depositions requesting records was served on Robert Smittcamp at Lyons Magnus on March 18, 2005. Plaintiff hand delivered a letter to both William Smittcamp and Robert Smittcamp on March 22, 2005 re the deposition set for March 31, 2005. Defendant objected to the depositions, because by then, the Court had ruled on the summary judgment. In any event, at least one of the witnesses was unavailable on the date selected.

**D.      The Court's Scheduling Order**

The proposed depositions of Robert and William Smittcamp would have been untimely in any event. The Scheduling Order in this case set March 18, 2005 as non-expert discovery cut-off date. Rule 16(b)(3); Doc. 11. Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610.

The Scheduling Order in this case stated: "All nonexpert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than **March 18, 2005."** (Doc. 11 p.8:4-5) (emphasis in original.) The Court did not amend the discovery cut off date. The Court did not grant a continuance of the discovery cut off date. The only evidence is that subpoenas were issued on March 16, 2005 to Robert and William Smittcamp and served shortly thereafter. The depositions were set to be conducted at the end of March 2005. Thus, the proposed discovery would have occurred after the Scheduling Conference Order discovery cut off date. Therefore, the proposed discovery would have been precluded as untimely by the Scheduling Order. Moreover, good cause has not been shown for granting a continuance of the discovery cut off date.[5]

**E.      Plaintiff's Other Grounds for the Motions**

Plaintiff gives notice of other grounds for the motions - none of which are argued in any way in plaintiff's points and authorities:

1. That the Court's judgment is against the clear weight of the evidence.

2. The Court erroneously struck the opinion of James Flynn in this case.

---

[5] "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." F.R.Civ.P. 16(b). To demonstrate diligence under Rule 16's "good cause" standard, "the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted).

1	3. The substantially similar opinions of Maskell and Flynn should be sufficient in
2	this case to allow the matter to go to a jury, since that standard is just the same as it would be in a
3	patent infringement or copyright infringement case.

4	Defendant's opposition states that it does not know how to oppose these arguments because they
5	are not explained and thus, a violation of due process.

6	At oral argument, plaintiff explained these grounds. Plaintiff argued the Court erred in rejecting
7	the declarations of James Flynn because only at the deposition of Robert Maskell, did plaintiff discover
8	that documents in fact existed as to the "as-built" plans for the machine. Only after his expert, James
9	Flynn, reviewed the documents could he submit his detailed declaration with supporting facts as to the
10	substantially similar nature of the machines.

11	Prior to the summary judgment hearing, however, Flynn did not submit a declaration that he was
12	unable to complete his analysis of the two machines due to the documents obtained from or the
13	deposition of Robert Maskell. The Court was not informed that continuance was needed for Flynn to
14	complete an analysis.[6]

15	At oral argument, plaintiff stated that there is an issue of spoilation of evidence because the
16	machine's design plans and "as built" plans were not produced in discovery. Plaintiff argued that he
17	later learned in the deposition of Robert Maskell that such documents in fact existed. He argued that
18	the declarations of defendant's employee's Fischer and Olsen should be skeptically viewed because
19	defendant did not produce the stronger evidence of the "as built" plans to show the differences in the
20	machines.[7] Plaintiff argues that since those documents were not produced, the Court can infer that the
21	failure to produce means that such evidence would support plaintiff's position that the two machines are
22	substantially similar.

23	This argument improperly shifts the burden of proof. It is not disputed that at trial, plaintiff has

---

25	[6] At oral argument counsel stated he did not submit this kind of declaration for Flynn for fear of being sanctioned.
26	He stated that the last continuance on January 28, 2005 resulted in his being sanctioned. The Court notes, however, that those sanctions were awarded for the <u>belated request</u> for a continuance - the request was filed only one week prior to the hearing,
27	long after the opposition to the motion was due. See Local Rule 78-230.

28	[7] Mr. Fischer and Mr. Olson submitted declarations in support of defendant's motion for summary judgment which identified the major differences between the Snorcca machine by Smurfit and the machine that injured plaintiff.

10

1  the burden of establishing that the machine which injured him was defendant's machine. Thus, it was
2  plaintiff's burden to create a triable issue of fact on this point. *Southern Cal. Gas Co. v. City of Santa*
3  *Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (As the party with the burden of persuasion at trial, the Gas
4  Company must establish "beyond controversy every essential element of its" Contract Clause claim.)
5  It was not defendant's burden to disprove that the injury producing machine was not a Smurfit machine.
6  *Celotex Corp*, 477 U.S. at 323 (moving party does not need to negate or disprove matters on which the
7  opposing party has the burden of proof at trial).

**F.    Time for Filing Motions**

Defendant argues that the motions to amend the judgment or for reconsideration are not timely because they were not filed within 10 days of this Court's March 16, 2005 order on Summary judgment. (Doc. 42.) A separate judgment was also entered on March 16, 2005. (Doc. 43.)

A Rule 59(e) motion to "alter or amend" judgment must be filed no later than 10 days after entry of the judgment. Fed.R.Civ.P. 59(e). In calculating the ten day time period for filing, intermediate Saturdays, and Sundays and legal holidays are excluded because the time period is less than 11 days. (Rule 6(a), "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.")

Plaintiff filed his motions on March 28, 2005. Excluding the intermediate Saturdays and Sundays, the motions were filed within 10 days of the entry of the March 16, 2005 judgment. Accordingly, the motions are timely.

The Rule 60 motion is also timely. A party seeking relief under Rule 60(b)(1), mistake, inadvertence, surprise, excusable neglect, or (b)(2), newly discovered evidence, must file a noticed motion with a reasonable time not to exceed one year after the judgment was entered. Rule 60(b).

Plaintiff filed his motions within a "reasonable time" after entry of the judgment. Accordingly, his motions are timely.

### *Motions 1, 2 and 3*: CONCLUSION

For the foregoing reasons, the following motions by plaintiff are DENIED:

(1)    Plaintiff's motion for new trial and reconsideration of summary judgment motion (Doc. 50);

1    (2) Motion to Amend/Correct Judgment, Rule 59(a) (Doc. 51);

2    (3) Motion to compel depositions of Robert and William Smittcamp, extend time to decide

3    new trial motion, motion to perpetuate testimony, Rule 59 and Rule 6. (Doc.56).

### *Motion 4:* **PLAINTIFF'S OBJECTION TO COST BILL**

Defendant submitted a cost bill for $3,116.  Plaintiff objects on the grounds of indigency. *Association of Mexican-American Educatores v. California*, 231 F.3d 572, 592 (9th Cir. 2000) and that two items of costs are unreasonable.

Fed.R.Civ.P 54(d)(1) states:

> "Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Fed.R.Civ.P. Rule 54(d)(1). The types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C.A. § 1920.  In pertinent part, 28 U.S.C. §1920 states:

A judge or clerk of any court of the United states may tax as costs the following:

(1) Fees of the clerk or marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
. . .

**A.   Timeliness of the Objection**

Smurfit argues that plaintiff's objection is untimely because it was not filed within five days of the date of cost bill or because it was not filed within five days of when the clerk "could" have taxed the costs.

Actually, plaintiff's motion is premature. Rule 54(d) states in pertinent part:

> "Such costs may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

The 5-day time period runs from the date the clerk actually taxes the costs.[8] The plain language of Rule 54 states "on motion served within 5 days <u>thereafter</u>. . ."; the "thereafter" refers the date the clerk taxes the costs. After the clerk assesses the cost, the nonprevailing party has five days to move for court review.

Here, the clerk has not yet taxed costs. The cost bill was submitted, but was not yet acted upon by the clerk. Thus, the five days did not begin to run. The motion is premature.

Nonetheless, the Court will rule on the objections since the issues have been briefed.

**Travel Costs**

Plaintiff challenges the $1,032.91 in attorney travel expenses to Schaumburg, Ill. and San Jose, Ca. Defendant argues that the expenses were incurred for depositions set by plaintiff.

Although a district court has broad discretionary power to allow a prevailing party to recoup the costs of litigation, the court may not tax costs beyond those authorized by 28 U.S.C. § 1920. The travel expenses may not be recovered as "costs" because they are not mentioned in 28 U.S.C. §1920, which governs the taxation of costs in federal courts. *See West Virginia Univ. Hospitals, Inc. v. Casey,* 111 S.Ct. 1138, 1141 (1991) (28 U.S.C. § 1920 defines "the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further"); *See e.g.*, *Yasui v. Maui Elec. Co., Ltd.*, 78 F.Supp.2d 1124, 1130 (D.Ha 1999) (the travel expenses of attorneys are not recoverable under § 1920).

Attorney travel expenses are not mentioned at all in section 1920. Therefore, the request for $1,032.91 in attorney travel expenses is not allowed as a costs.

**B.   Service of Summons Charges**

Plaintiff challenges the $154.56 cost for a rush subpoena to the worker's compensation carrier. The invoice from the service shows (Doc. 49):

|                  |       |
|------------------|-------|
| Service Fee      | 49.50 |
| Rush Handling    | 34.00 |
| Not Found Return | 34.00 |
| Locate fee       | 17.50 |

---

[8] In federal terminology, to "tax" is to allow a cost. Fed.R.Civ.P. 54(d)(1). See generally 28 U.S.C. §1920 (list of costs a judge or clerk of the court may tax as costs against the losing party.) See Local Rule 54-292 ('costs shall be taxed in conformity with the provision of 28 U.S.C. §1920 ...")  In state terminology, to "tax" is to challenge costs. Cal.Code.Civ.Proc. §1034 and Cal.Rules.Court 870(b) ("Unless objection is made to the entire cost memorandum, the motion to strike or tax costs shall refer to each item objected to . . .")

```
Fees Advanced      15.00
Check charge        2.95
Fuel Surcharge      1.50
```

The Court denies all of the invoice except the $49.50 charge for service fee. The subpoena was for documents, which defendant argues were to be used for trial, and a service fee is the only authorized fee. *See e.g.*, *Griffith v. Mt. Carmel Medical Center*, 157 F.R.D. 499 (D.Kan. 1994) (private process server costs should be taxable only to the extent that they do not exceed costs that would have been incurred had marshal's office effected service, since marshal's fee amount is actually statutorily authorized).

**C.   Indigency**

Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party. *Majeske v. City of Chicago*, 218 F.3d 816, 818 (7th Cir. 2000), *cert. denied,* 531 U.S. 1079 (2001). District courts can reduce or deny prevailing party costs where the losing party is indigent. *Burroughs v. Hills*, 741 F.2d 1525, 1542*, cert. denied,* 471 U.S. 1099 (1985). Refusal to award costs to prevailing party may be based upon the losing party's limited financial resources. *Association of Mexican-American Educators v. State of California*, 231 F.3d at 592. There are no hard and fast rules for assessing a losing party's indigency or inability to pay. Jones, Rosen, Wegner and Jones, *The Rutter Group Practice Guide: Federal Civil Trial and Evidence,* §19:31.1 (The Rutter Group 2004). The District Courts should use their common sense in making this determination. *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 463-64 (3rd Cir. 2000). A court may consider whether assessing costs would render nonprevailing party indigent. *Stanley v. University of Southern California,* 178 F.3d 1069, 1080 (9th Cir. 1999) (plaintiff presented evidence she would be rendered indigent should she be forced to pay $46,710.97), *cert. denied*, 528 U.S. 1022 (1999). The court may reduce the amount of costs. *Kibbee v. City of Portland*, 2000 WL 1643535 (D.Or. 2000) (the court reduced defendants' Bill of Costs to $8,000.00).

Plaintiff submitted a financial statement showing limited income resources. The expenses claimed on the financial statement are objectively reasonable for a family of six. It is not disputed that plaintiff was injured on the job. The dispute centered on the maker of the machine, which was a close issue, and not whether plaintiff was hurt or the serious nature of the injury.

Defendant argues that plaintiff has $100,000 in equity in his home and has a gross income of

1  $1,310 per month.

2  Plaintiff submitted a declaration under penalty of perjury as to his assets and expenses. Defendant submitted a hearsay document as to the value of plaintiff's house. Thus, the Court does not accept the amount of equity in the home as claimed by defendant. Nonetheless, litigants of modest means should not be exempt from costs unless the court determines that it would be 'unjust or inequitable to enforce." *Cherry v. Champion Int'l Corp.* 186 F.3d 442, 447 (4th Cir. 1999).

Here, the costs are reduced to $1,978.03, which represents the costs for the Clerk's fees, Court Reporter fees and for interpreter fees.

### *Motion 4:* **CONCLUSION**

The Objections to defendant's Bill of Cost are SUSTAINED in part and OVERRULED in part. The clerk is directed to tax, in favor of prevailing party Jefferson Smurfit Corporation and as against the nonprevailing party Alvaro Martinez, the costs of $1,978.03.

IT IS SO ORDERED.

**Dated:     May 23, 2005**                    **/s/ Lawrence J. O'Neill**
b9ed48                                                    UNITED STATES MAGISTRATE JUDGE